IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KATAY JOSEPH                                                                                              PETITIONER

VS.                                                                           CIVIL ACTION NO. 3:17cv286-DPJ-FKB

WARDEN SHULTZ                                                                                         RESPONDENT

### REPORT AND RECOMMENDATION

Katay Joseph, a federal prisoner, brought this action pursuant to 28 U.S.C. § 2241 alleging that his sentence was improperly enhanced under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA). The undersigned recommends that the petition be dismissed.

In 2014, Joseph pleaded guilty in the United States District Court for the Southern District of Florida to possession of a firearm by a convicted felon. He was sentenced as an armed career criminal under the ACCA to a term of 180 months in custody, followed by two years of supervised release. Judgment, *United States v. Joseph*, No. 9:14-cr-80064 (S.D. Fla. Sept. 17, 2014), ECF No. 71. His sentence was affirmed on appeal. Order, *United States v. Joseph*, No. 14-14300 (11th Cir. May 12, 2015). In 2016, Joseph filed a motion to set aside the judgment. The court, construing the motion as one under 28 U.S.C. § 2255, dismissed it as time-barred. Order, *Joseph v. United States*, No. 9:16-cv-81853 (S.D. Fla. Jan. 23, 2017), ECF No. 8.

Joseph then filed the present § 2241 petition, in which he argues that the Supreme Court case of *Mathis v. United States*, 136 S.Ct. 2243 (2016), invalidates his sentence under the ACCA because one of the prior state court convictions used to support his enhancement no longer qualifies as a predicate felony.

The proper vehicle for challenging a conviction or sentence is generally not a § 2241 petition, but, rather, a motion under 28 U.S.C. § 2255, which must be filed in the sentencing court. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Joseph contends that he may nevertheless proceed under § 2241 because his claim falls under the "savings clause" exception of § 2255, which allows a prisoner to resort to § 2241 if he establishes that a remedy under § 2255 is inadequate or unavailable. *See* 28 U.S.C. § 2255(e). A remedy is inadequate if a petitioner's claim (1) is based upon a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense and (2) was foreclosed by circuit law at the time when the claim should have been raised in his trial, direct appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Joseph's position is that he may claim the benefits of the savings clause because the ruling in *Mathis* represents a newly-recognized, retroactively-applicable rule of law.

It is well-established in the Fifth Circuit that claims relating to sentence enhancement determinations do not fall within the savings clause and are not cognizable under § 2241. *See, e.g.*, *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2010) (claim that petitioner was actually innocent of career offender enhancement did not satisfy savings clause); *Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005) (claim that sentence was improperly enhanced did not meet requirements of savings clause); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000) (claim that petitioner was not a career offender under sentencing guidelines did not fall within savings clause). Furthermore, the Fifth Circuit has held that *Mathis* is not retroactively applicable. *See*

2

*United States v. Wiese*, 896 F.3d 720, 725 (5th Cir. 2018).  Thus, Joseph's claim does not meet the requirements of the savings clause, and this court is without jurisdiction.  For this reason, the undersigned recommends that the petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 20th day of February, 2019.

s/ F. Keith Ball
United States Magistrate Judge
